UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BROOK SNYDER and RYAN TERRY, on behalf of themselves, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN ROADS OF FLORIDA LLC,<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiffs, Brook Snyder and Ryan Terry, individually and on behalf of all others similarly situated, file this Class Action Complaint and allege as follows:

**INTRODUCTION AND BACKGROUND**

1. This is a civil action seeking monetary damages, restitution, and injunctive relief from Defendant, Green Roads of Florida LLC ("Green Roads"), arising from the purchase of cannabidiol ("CBD") products manufactured, distributed, and sold by Green Roads based upon its misrepresentations of the quantity of CBD contained in those products.

2. Among the variety of CBD products Green Roads sells are "CBD Oil," "CBD Gummies," "CBD Capsules," "CBD Terpenes," "CBD Topicals," "CBD Syrups," "CBD Tea," and "CBD Coffee" (collectively, the "Products").

3. CBD is one of the naturally occurring cannabinoids found in cannabis plants, including hemp.

4. Many CBD products are derived from hemp. CBD generally does not contain significant amounts of tetrahydrocannabinol ("THC"), which is marijuana's psychoactive compound, and CBD has been touted as having numerous positive health effects.

5. Specifically, CBD products have been used to treat medical conditions, including but not limited to: anxiety, sleep disorders, and chronic pain.

6. Today, CBD is commonly used in combination with a variety of products including food and dietary supplements. CBD is generally administered orally as either a capsule or dissolved in an oil solution that may be mixed with other ingredients, but CBD can also be administered by inhalation as a smoke or vapor.

7. In 2018, Congress passed the Agriculture Improvement Act of 2018, Pub. L. 115-334, known as the "Farm Bill," which legalized, at the federal level, the production of industrial hemp, from which CBD can be derived. The 2018 Farm Bill removed hemp from the definition of marijuana in the Controlled Substances Act, thereby making it legal to grow hemp that contains less than 0.3% THC. 7 U.S.C. § 1639o-1639s. The Farm Bill delegated broad authority to the states to regulate the production and distribution of hemp, which Florida began in June 2019 with its State Hemp Program, and Ohio began in July 2019 with enactment of its Hemp and Hemp Products law.

8. Since passage of the Farm Bill, the CBD industry has quickly become a billion dollar plus industry.

9. Unfortunately, as is often the case with emerging industries subject to minimal regulation, the CBD market is ripe for exploitation by unscrupulous businesses, and it has been compared to the "Wild West."[1]

10. There has been no shortage of news reports on CBD companies committing all sorts of malfeasance—from some companies selling CBD products with significant levels of THC that cause users to fail drug tests, to other companies making wholly unsubstantiated health claims. Companies are also misrepresenting the amount of CBD in their products.

11. Green Roads is a leader in this Wild West of CBD products. With about 6% of the market, Green Roads is the largest privately-owned CBD company.[2]

12. Unfortunately, Green Roads' success has been partially fueled by misrepresenting the levels of CBD contained in the Products.

13. To the detriment of consumers, their Products do not, in fact, contain the promised levels of CBD. Specifically, Green Roads misrepresents the amount of CBD contained in the Products on the product labeling and packaging, and makes the same misrepresentation on its website where consumers can directly purchase the Products.

14. On information and belief, Green Roads is selling the Products with a significantly lower amount of CBD than represented, and is, therefore, cheating every consumer who buys the Products by that amount.

---

[1] Dennis Thompson, *CBD Oil: All the Rage, But Is It Safe & Effective?*, WebMD HealthDay Reporter (May 7, 2018), https://www.webmd.com/pain-management/news/20180507/cbd-oil-all-the-rage-but-is-it-safe-effective#1 (last accessed September 19, 2019).
[2] Kimberly Weisul, *The Next Gold Rush Is the $22 Billion CBD Business--and This Florida Company Is Ready to Win*, Inc., https://www.inc.com/kimberly-weisul/best-industries-2019-green-roads.html (last accessed September 19, 2019).

15. CBD is the active ingredient in the Products at issue here.[3] Thus, any discrepancy between the listed CBD amount and the actual CBD amount misrepresents what the consumer purchases, and means that the consumer does not receive what they purchased.

16. Yet, as reflected in the image below, the package and label of the 250 mg version of Green Roads' CBD Oil both prominently claim a CBD level of 17 mg per ml—even though that amount is materially inaccurate.



---

[3] *See e.g.,* https://www.greenroadsworld.com/products/cbd-hemp-oil-250mg/ (description of CBD Oil on Green Roads' website), "Green Roads' 250mg CBD oil delivers the perfect mid-range serving of CBD. You get approximately 17mg of CBD with each 1ml dropper of this oil." (last accessed September 19, 2019).

17. Similar inaccurate information about the amount of CBD in the 250 mg version of Green Roads' CBD Oil appears throughout Green Roads' website.[4]

18. Likewise, the 300 mg "Relax Bears" varietal of Green Roads' CBD Gummies contains a purported CBD level of 300 mg, which is prominently displayed on the product label and corroborated on Green Roads' website– even though that amount is also inaccurate.[5]  In fact, Green Roads' CBD Gummies contain less CBD than claimed.



---

[4] *Se e.g.*, https://www.greenroadsworld.com/products/cbd-hemp-oil-250mg/ (describing "Dose/Serving" as "17mg/ML") (last accessed September 19, 2019); *see also* https://www.greenroadsworld.com/products/cbd-hemp-oil-250mg/  ("That's why we recently added QR codes to all packaging: so you can rest assured that '*what's on the label is what's in the bottle*.'") (emphasis in original) (last accessed September 19, 2019).
[5] https://www.greenroadsworld.com/products/cbd-gummy-bears/ (last accessed September 19, 2019.)

19. Florida's recently enacted State Hemp Program underscores the importance of having correct product information about the amount of CBD in hemp-based products, including the Products. That statute provides, *inter alia*, that "[h]emp extract may only be distributed and sold in the state if the product… [i]s distributed or sold in packaging that includes… [a] scannable barcode or quick response code linked to the certificate of analysis of the hemp extract by an independent testing laboratory." Fla. Stat. § 581.217. Florida also has similar rules related to product packaging for medical marijuana distributed in the state. *See* Fla. Stat. § 381.986 (11)(f).

20. Ohio's recently enacted Hemp and Hemp Products law also mandates that state authorities adopt rules that include "[s]tandards for the testing and labeling of hemp and hemp products." *See* Ohio Rev. Code § 928.03(X).

21. Indeed, in the wake of Florida enacting its State Hemp Program, Green Roads President Laura Baldwin Fuentes claimed that the company was "doing everything already that's on the bill."

22. However, Fuentes failed to acknowledge that Green Roads' own certificates of analysis for the Products show that the amount of CBD has actually been less than the amount listed on Green Roads' labels and packaging.

23. While Plaintiffs are not seeking to enforce any of the state regulations, certainly they are illustrative of the importance of accurate labeling of CBD products such as those at issue in this action.

24. For example, the certificate for one batch of Green Roads' 250 mg CBD Oil shows only 11.04 mg/g CBD, that is, 13.41 mg per ml – not the 17 mg per ml listed on the product label and packaging.[6]

25. Likewise, with respect to the "Relax Bears" varietal of CBD Gummies, the certificate for one batch shows only 258.3 total mg of CBD, far less than the 300 mg of total CBD promised on the label.[7]

26. Despite Green Roads' affirmative representations on the packaging and labeling of the Products that they contain the stated levels of CBD – which indicates to reasonable consumers that the Products will, in fact, contain the amount of CBD represented, the Products fail to deliver the amount of CBD promised.

27. Plaintiffs and the putative members of the Classes (defined below) have been and will continue to be deceived or misled by Green Roads' false and deceptive packaging and labeling and representations.

28. Green Roads' product packaging and labeling lead reasonable consumers to believe that the Products, in fact, contain the amount of CBD promised on the packaging and labeling for the Products.

29. To the detriment of consumers, the Products' labeling and packaging are false and misleading as the Products do not, in fact, contain the amount of CBD promised.

30. The false belief created by Products' labeling and packaging is a material factor in influencing consumer purchase decisions.

---

[6] *See* https://www.greenroadsworld.com/wp-content/uploads/2018/12/250MG-15ML_7.2.2018.pdf (Lab sheet for 250 mg of CBD Oil available on Green Roads website, last accessed September 19, 2019).
[7] *See* https://www.greenroadsworld.com/wp-content/uploads/2019/08/ 300MG_RELAX_ BEARS_ GR18187RB.pdf (Lab sheet for Relax Bears available on Green Roads website, last accessed September 19, 2019).

31. Had Plaintiffs and the putative members of the Classes known the truth about the Products, they would not have purchased the Products and would not have paid the prices they paid for the Products.

32. Plaintiffs and each member of the putative Classes were harmed by purchasing the Products because they did not receive what they paid for, and, as a result, lost money and property.

33. Therefore, Plaintiffs, individually and on behalf of the Classes, seek damages, restitution, injunctive relief, and other available relief against Green Roads for its (i) unjust enrichment and (ii) violation of the Florida Deceptive and Unfair Trade Practice Act, Fla. Stat. §§ 501.201, *et seq.* ("FDUTPA").

## PARTIES, JURISDICTION AND VENUE

34. Plaintiff Brook Snyder is a citizen of Florida who resides in Cooper City, Florida.

35. Plaintiff Ryan Terry is a citizen of Ohio who resides in Perrysburg, Ohio.

36. Green Roads is a citizen of Florida because it is a Florida limited liability company and maintains its principal place of business in Deerfield Beach, Florida.[8]

37. This Court has original jurisdiction over this putative class action lawsuit pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) & (6), because the aggregate sum of the claims of the members of the putative class exceeds $5 million, exclusive of interest and costs, because Plaintiffs bring this action on behalf of a proposed class that is comprised of

---

[8] Normally, for purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). However, "[f]or purposes of class action jurisdiction under § 1332(d) only, an unincorporated association is considered to be a citizen of the state in which is has its principal place of business and the state under whose laws it is organized. *Lewis v. Seneff*, No. 6:07-cv-1245-Orl-22DAB, 2008 U.S. Dist. LEXIS 62715, at *15 (M.D. Fla. Aug. 5, 2008) (citing 28 U.S.C. § 1332(d)(10)).

over one hundred members, and because at least one of the members of the proposed class is a citizen of a different state than Green Roads.

38.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Green Roads is a citizen of Florida that maintains its principal place of business within this District, a substantial part of the events giving rise to Plaintiffs' claims took place within this District, Green Roads distributed, advertised, and sold the Products at issue within this District, and documents and witnesses will be located within this District.

## PLAINTIFFS' EXPERIENCE

39.     Plaintiffs Terry and Snyder each purchased from Green Roads variations of the Products that had less CBD than the promised amounts.

40.     Specifically, on April 2019, Plaintiff Terry purchased a "Relax Box" from Green Roads' website that included CBD Gummies, CBD Tea, and CBD Oil.  His total purchase was $104.14, which included a discount of $10.80 (from a promotional code), and a shipping charge of $6.95.

41.     Plaintiff Terry reviewed the promises on the product labels when purchasing and relied upon those promises in making his purchase decision.

42.     Had those products not displayed the promises that they contained the specified amount of CBD, Plaintiff Terry either would not have made his purchase of the Products or would not have been willing to pay a premium for his purchase of the Products. If Plaintiff Terry could rely upon the truthfulness of Green Roads' labeling, he would continue to purchase Green Roads' Products in the future.

43.     Likewise, on March 10, 2019, Plaintiff Snyder purchased the 250 mg version of Green Roads' CBD Oil through the company's website.  Her total purchase was $43.74.

44. Plaintiff Snyder reviewed the promises on the CBD Oil's label and packaging that it contained 17 mg of CBD when making her purchase and relied upon those promises in making her purchase decision. Had that product not displayed the promise that it contained the specified amount of CBD, Plaintiff Snyder either would not have made her purchase of the Products or would not have been willing to pay a premium for her purchase of the Products. If Plaintiff Snyder could rely upon the truthfulness of Green Roads' labeling, she would continue to purchase Green Roads' Products in the future.

## CLASS ACTION ALLEGATIONS

45. Plaintiffs, pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), bring this action on behalf of the following Classes:

   (a) Nationwide Class: All persons in the United States who purchased the Products within the United States and within the applicable statute of limitations period.

   (b) Florida Class: All persons who purchased the Products within the state of Florida and within the applicable statute of limitations period.

46. Excluded from the Classes are Green Roads, its subsidiaries and affiliates, their officers, directors and member of their immediate families and any entity in which Green Roads has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

47. Plaintiffs reserve the right to modify or amend the definition of the proposed Classes and/or to add a subclass(es), if necessary, before this Court determines whether certification is appropriate.

48. The questions here are ones of common or general interest such that there is a well-

defined community of interest among the members of the Classes. These questions predominate over questions that may affect only individual class members because Green Roads acted on grounds generally applicable to the Classes. Such common legal or factual questions include, but are not limited to:

(a) The actual amount of CBD in the Products;

(b) Whether Green Roads falsely and/or deceptively advertised the Products;

(c) Whether Green Roads was unjustly enriched by its conduct; and

(d) The appropriate measure of damages.

49. The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Classes consist of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Green Roads' records.

50. It is impracticable to bring the Class members' individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

51. Plaintiffs' claims are typical of the claims of the other members of the Classes in that they arise out of the same wrongful business practices by Green Roads, as described herein.

52. Plaintiffs are adequate representatives of the Classes in that Plaintiffs bought the Products and were damaged as a result of Green Roads' deceptive conduct. In addition:

a) Plaintiffs are committed to the vigorous prosecution of this action on behalf of themselves and all others similarly situated and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers for product defects, breach of warranty on consumer products, and misrepresentations in consumer product labeling;

b) There is no conflict of interest between Plaintiffs and the unnamed members of the Class;

c) Plaintiffs anticipate no difficulty in the management of this litigation as a class action; and

d) Plaintiffs' legal counsel have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

53. Plaintiffs know of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

54. Green Roads has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate corresponding declaratory relief with respect to the Classes as a whole.

55. All conditions precedent to bringing this action have been satisfied and/or waived.

## COUNT I
## UNJUST ENRICHMENT
### (By Plaintiffs on Behalf of the Nationwide Class)

56. Plaintiffs reallege and incorporate herein paragraphs 1 through 55, as if fully set forth herein.

57. Plaintiffs, and all members of the proposed Nationwide Class, conferred a benefit upon Green Roads, which Green Roads had knowledge thereof.  Namely, Plaintiffs and the Nationwide Class members paid monies to Green Roads and its authorized sellers for the Products.

58. Green Roads voluntarily accepted and retained the monetary benefit conferred under circumstances that make it unjust and inequitable for Green Roads to retain it without paying Plaintiffs and the Nationwide Class members the value thereof. Specifically, Green Roads retained the benefit despite the fact that the Products did not contain the claimed amount of CBD, including

the amount listed in the Products' labels and packaging.

59. When purchasing the Products, Plaintiffs and the Nationwide Class members reasonably believed that the Products would contain the claimed amount of CBD, including the amount listed on the labels and packaging.

60. Plaintiffs and the Nationwide Class members received less than what they paid for in that the Products did not contain the claimed amount of CBD, including the amount listed in Products labels and packaging.

61. Had Plaintiffs and the Nationwide Class members known about the inaccuracy of the claimed amount of CBD, including the amount listed on the labels and packaging, and, they would not have purchased the Products or would have paid less for the Products.

62. Green Roads should therefore be required to disgorge all profits, benefits, and other such compensation it obtained through its wrongful conduct.

### COUNT II
### VIOLATION OF FDUTPA, FLA. STAT. §§ 501.201, *et seq.*
### (Plaintiff Snyder, Individually, and on Behalf of the Florida Subclass)

63. Plaintiff Snyder realleges and incorporates herein paragraphs 1-19, 21-34, 36-39, and 43-55, as if fully set forth herein.

64. Plaintiff Snyder and members of the Florida Subclass are authorized to bring this Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim pursuant to Florida Statute § 501.211, which creates a private right of actions for consumers including Plaintiff Snyder and members of the Florida Subclass, who may seek declaratory relief, injunctive relief, actual damages, and attorney's fee and costs as provided in Fla. Stat. § 501.2105. All such relief is sought in this count, and Plaintiff Snyder and all members of the Florida Subclass are entitled to such relief.

65. Fla. Stat. § 501.204(1) prohibits "Unfair methods of competition, unconscionable

acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

66. Among other purposes, FDUTPA is intended "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202.

67. Green Roads, at all relevant times, solicited, advertised, offered, provided and distributed goods in the State of Florida, and thereby was engaged in trade or commerce as defined by Fla. Stat. § 501.203(8).

68. Plaintiff Snyder, and all members of the Florida Subclass, at all material times were consumers as defined by Fla. Stat. § 501.203(7) and are entitled to seek the underlying relief.

69. Green Roads engaged in unfair and deceptive acts in violation of Fla. Stat. § 501.204 when it represented in its claims, including in the Products' labels and packaging that its Products contained specific amounts of CBD, when in fact, the Products did not contain those amounts.

70. It was reasonable for consumers, including Plaintiff Snyder and members of the Florida Subclass, to rely on Green Roads' representations regarding the amount of CBD in the Products. Had they known that those representations were false and misleading, they would not have purchased the Products or would have paid less for them.

71. Green Roads' unfair and/or deceptive acts were likely to deceive reasonable consumers, such as Plaintiff Snyder and members of the Florida Subclass, about the true nature of the Products, which Green Roads manufactures, distributes, and sells.

72. As a direct and proximate result of Green Roads' violations of the statutes referenced herein, Plaintiff Snyder and members of the Florida Subclass suffered injuries and as a

result, are entitled to actual damages, declaratory and injunctive relief, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Classes, demand judgment as follows:

a) Certifying the Classes;

b) Ordering restitution and disgorgement of all profits and unjust enrichment Defendant obtained from Plaintiffs and the members of the Classes as a result of Defendant's unlawful, unfair and fraudulent business practices;

c) Awarding Plaintiffs and the proposed members of the Classes damages;

d) Ordering injunctive relief;

e) Awarding statutory damages, as appropriate;

f) Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiffs and the other members of the Classes;

g) Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

h) Ordering such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the proposed Classes, hereby demand a trial by jury on all claims so triable.

Dated: September 19, 2019          Respectfully submitted,

/s/ *Jeff Ostrow*
Jeff Ostrow FBN 121452
Jonathan M. Streisfeld FBN 117447
Daniel Tropin FBN 100424
Joshua Levine FBN 91807
**KOPELOWITZ OSTROW**

**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com
gilbert@kolawyers.com
streisfeld@kolawyers.com
tropin@kolawyers.com
Facsimile: 954-525-4300

Melissa S. Weiner (*Pro Hac Vice application forthcoming*)
mweiner@pswlaw.com
Joseph C. Bourne (*Pro Hac Vice application forthcoming*)
jbourne@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: 612-389-0600
Facsimile: 612-389-0610

*Counsel for Plaintiffs
and the Proposed Classes*